# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

ADA REAL ESTATE JOINT VENTURE,    )
LTD., a foreign limited liability company,    )
                                   )
               Plaintiff,    )
v.    )
                                     )
STAPLES THE OFFICE SUPERSTORE,    )    Case No. 6:24-cv-437-JAR
EAST, INC., a foreign corporation; and    )
STAPLES, INC., a foreign corporation,    )
                                   )
             Defendants.    )

## <u>OPINION AND ORDER</u>

Before the Court is the Motion to Certify [Dkt. 79] filed by plaintiff Ada Real Estate Joint Venture, Ltd. ("Landlord") pursuant to Fed. R. Civ. P. 54(b). Defendants Staples the Office Superstore East, Inc. and Staples, Inc. (collectively, "Tenant") do not oppose the Motion to Certify. *See* [Dkt. 80].

### I.    BACKGROUND

1.    Landlord initiated this action on August 20, 2024 in the District Court of Pontotoc County, Oklahoma, asserting the following claims against Tenant: breach of contract for failure to file an insurance claim to replace the leased premises roof (Count I); breach of contract for failure to restripe and reseal the leased premises parking lot (Count II); violation of the doctrine of waste based on the allegations underlying Count I (Count III); and violation of the doctrine of waste based on the allegations underlying Count II (Count VI). [Dkt. 2-4].

2.    Tenant filed an Answer and Counterclaim on October 11, 2024,

asserting compulsory counterclaims against Landlord for breach of contract based on out-of-pocket damages caused by roof leaks; breach of contract based on Landlord's failure to perform adequate roof repairs; breach of the covenant of quiet enjoyment; and a declaratory judgment that Landlord is obligated under the parties' lease agreement to restore the roof at its sole expense. [Dkt. 3].

3.    On November 8, 2024, Tenant removed this action to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1141, and 1446. [Dkt. 2]. By way of the parties' express consent, and in accordance with Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636(c)(1), the undersigned United States Magistrate Judge exercises complete jurisdiction over this action through and including trial and entry of final judgment. *See* [Dkt. 12; Dkt. 13].

4.    On or about March 31, 2025, the parties finalized a limited satisfaction and release agreement discharging Counts II and IV of Landlord's petition. *See* [Dkt. 36 at 5 & n.1; Dkt. 57 at ¶ 4].

5.    On April 11, 2025, Landlord filed a Motion for Partial Summary Judgment on Count I. [Dkt. 35]. That same day, Tenant filed a Motion for Partial Summary Judgment on Counts I and III. [Dkt. 36]. The Court conducted an in-person hearing on June 17, 2025 to receive oral argument on to the parties' respective motions. [Dkt. 42; Dkt. 43]. By Order entered July 9, 2025, the Court denied Landlord's Motion for Partial Summary Judgment and granted Tenant's Motion for Partial Summary Judgment ("July 9th Order"). [Dkt. 52]. The Court further found that Staples, Inc. had not been a party to the lease at issue since January 2019, and

accordingly dismissed Staple's Inc. as a defendant. [*Id.* at 10].

6.    On August 6, 2025, Landlord filed a Motion to Dismiss Counts II and IV *with* prejudice pursuant to the parties' limited satisfaction and release agreement. [Dkt. 57]. That same day, Tenant filed a Motion to Dismiss all counterclaims asserted against Landlord *without* prejudice. [Dkt. 58]. By Order entered August 7, 2025, the Court granted both dismissal motions. [Dkt. 59]. Judgment was contemporaneously entered in favor of Tenant and against Landlord. [Dkt. 60].

7.    Landlord subsequently filed a Motion to Reconsider the Court's July 9th Order. [Dkt. 62]. By Order entered August 20, 2025, the Court denied Landlord's Motion to Reconsider ("August 20th Order"). [Dkt. 63].

8.    On September 19, 2025, Landlord filed a Notice of Appeal of the Court's July 9th and August 20th Orders. [Dkt. 73]. Landlord thereafter filed its Opening Brief in the United States Court of Appeals for the Tenth Circuit. [Appeal No. 25-7074, Docket Entry No. ("App. Dkt.") 18].

9.    By Order entered March 12, 2026, the Tenth Circuit directed Landlord to file either (i) a memorandum brief "set[tting] forth any basis in law or fact for the court to conclude that it has appellate jurisdiction over this appeal;" (ii) "a notice that Landlord and/or Tenant intend to seek a Rule 54(b) certification in the district court;" or (3) "a notice aimed at securing a final adjudication on the merits of any and all remaining claims in this matter." [App. Dkt. 25 at 4]. Citing its decision in <u>*Heimann v. Snead*</u>, 133 F.3d 767 (10th Cir. 1998), the Tenth Circuit observed that "dismissal without prejudice of Defendants' counterclaims does *not* render the prior decisions

disposing of Plaintiffs' complaint on the merits final and appealable under [28 U.S.C.] § 1291." [*Id.* at 3 (*quoting Heimann*, 133 F.3d at 768)].

10.    On March 25, 2026, Landlord filed a notice with the Tenth Circuit stating its intent to seek Rule 54(b) certification. [App. Dkt. 26]. Landlord filed its motion for Rule 54(b) certification in this Court the following day. [Dkt. 79].

## II.   ANALYSIS

Federal appellate courts have jurisdiction to review "final decisions of the district court." 28 U.S.C. § 1291. "A final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil Procedure 54(b)." *New Mexico v. Trujillo* ("*Trujillo*"), 813 F.3d 1308, 1316 (10th Cir. 2016). In *Heimann*, much like in this case, plaintiffs voluntarily dismissed their remaining claim with prejudice and defendants voluntarily dismissed their remaining counterclaims without prejudice. *See* 133 F.3d at 768. Plaintiffs later appealed, and the Tenth Circuit concluded it lacked jurisdiction in the absence of a final adjudication or a Rule 54(b) certification from the district court. *See id.* at 769-70; *cf. Trujillo*, 813 F.3d at 1316.

Rule 54(b) states in relevant part:

> When more than one claim for relief is presented in an action, *whether as a claim, counterclaim*, cross-claim, or third-party claim, … the court may direct the entry of a final judgment *as to one or more but fewer than all the claims* … only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b) (emphasis added). When considering whether to grant a request for Rule 54(b) certification, a district court must make two explicit determinations in

the certification order. *Stockman's Water Co. v. Vaca Partners*, 425 F.3d 1263, 1265 (10th Cir. 2005). First, the district court must determine whether the judgment is final. *Id*. Second, it must determine there is no just reason for delay of entry of its judgment. *Id*. In doing so, district courts should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay[.]'" *Id*. (quotations omitted).

The first requirement is satisfied. A final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "[A] 'claim' is generally understood to be all the connected elements of a particular case." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). In other words, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id*. at 1243. Here, all of Landlord's claims not extinguished by the parties' satisfaction and release were adjudicated by the Court's July 9th Order granting summary judgment to Tenant on Counts I and III. Tenant's counterclaims, by contrast, were dismissed without prejudice and have not been adjudicated on the merits. Landlord seeks certification only as to the merits of Count I, and the questions resolved there—Tenant's alleged contractual obligation to fund roof replacement and the effect of the lease's insurance-claim provisions—are distinct and separable from any future counterclaims for Tenant's own damages or declaratory relief. *See* [Dkt. 79 at 7-8]. The July 9th Order therefore constitutes "an ultimate disposition" of Landlord's remaining claims. *Curtiss-Wright Corp.*, 446 U.S. at 7.

5

The second requirement is also satisfied. Rule 54(b) is intended "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim … until the final adjudication of the entire case by making an immediate appeal available." _Okla. Tpk. Auth._, 259 F.3d at 1241 (quotation omitted). The district court must act as a "dispatcher" under Rule 54(b) by balancing the interests of judicial efficiency against the inequity of delaying an appeal. _Curtiss-Wright Corp._, 446 U.S. at 8. The July 9th Order resolved all of Landlord's remaining claims by granting Tenant summary judgment on Counts I and III and denying Landlord summary judgment on Count I. Judgment was then entered in Tenant's favor on all claims, while Tenant's counterclaims were dismissed without prejudice. The legal and factual questions underlying Count I will not be mooted or altered by whether or how Tenant pursues any future counterclaims. Thus, certification will not create a risk of duplicative or overlapping appeals on the same legal issues, and an immediate appeal will promote judicial efficiency by allowing the Tenth Circuit to resolve the parties' core dispute over roof replacement obligations before any party elects to pursue additional litigation.

### III.  CONCLUSION

In light of the foregoing considerations, and mindful that Rule 54(b) certification "is not to be made routinely," the Court expressly determines that there is no just reason for delay and expressly directs the entry of final judgment in favor of Tenant and against Landlord on Count I pursuant to Rule 54(b). _Okla. Tpk. Auth._,

6

259 F.3d at 1241; *Stockman's Water Co.*, 435 F.3d at 1265. WHEREFORE, Landlord's motion for Rule 54(b) certification [Dkt. 79] is hereby **GRANTED**.

IT IS SO ORDERED on this 27th day of April, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE